JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC, Inc., Plaintiff,

v.

ARRIS INTERNATIONAL, INC., Defendant.

No. 03–C–353–C.

United States District Court, W.D. Wisconsin.

Aug. 6, 2003.

John Skilton, David L. Debruin, Colin G. Sandercock, James Muldoon, Milwaukee, WI, for Plaintiff.

Gregory T. Everts, Quarles & Brady, Madison, WI, for Defendants.

## ORDER

CRABB, District Judge.

A hearing was held in this case on August 5, 2003, on defendant Arris International, Inc.'s motions for a stay pending resolution of the motion for reconsideration and the posting of a bond, for reconsideration of the order entered on July 25, 2003, and for requiring plaintiff to post a bond. Plaintiff appeared by David Harth, John Skilton, Colin Sandercock and David DeBruin. Defendant was represented by John Bowler, Douglas Salyers and Greg Everts.

After hearing argument and for the reasons stated on the record, I denied defendant's motion for reconsideration. I granted defendant's motion to require plaintiff to post a bond, denied defendant's request to set the amount of the bond of $4,000,000.00 and set it instead at $2,000,000.00. The motion for stay is moot as it relates to the motion for reconsideration but will be granted with respect to the posting of the bond, to last only until plaintiff posts the required bond.

I add one point of clarification. In the July 25, 2003 order at pages 13–14, I stated that "persons of ordinary skill in the art would not think to combine elements from two such different products [as rigid hardline cables and flexible drop cables]." The sentence suggests, inaccurately, that hardline cable connectors and flexible drop cable connectors are not analogous arts. I should have made it plainer that the basis for the finding that plaintiff failed to raise a substantial question of obviousness is the lack of any persuasive evidence to establish the existence of any suggestion or teaching in the prior art that would have motivated an inventor to combine the Saba '043 and the Holliday '220 patent disclosures.

At the end of the hearing, a preliminary pretrial conference was held. The order entered at that hearing is incorporated in a separate document.